UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH ROBB,

                              Plaintiff,

        -against-

JOSEPH BREWSTER, CITY OF POUGHKEEPSIE
POLICE DEPARTMENT, and CITY OF
POUGHKEEPSIE,

                              Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __4/18/2022__

20-CV-10521 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

Plaintiff Joseph Robb ("Plaintiff") brings this action under 42 U.S.C. §1983, alleging that (1) Defendant Joseph Brewster, a City of Poughkeepsie police officer (hereinafter "Brewster"), used excessive force against Plaintiff by beating him in the head multiple times with a club, causing serious and permanent injuries; and (2) Defendants City of Poughkeepsie Police Department and City of Poughkeepsie negligently hired Brewster and condoned a policy of excessive force in violation of federal law. (*See* Compl. ¶ 4-6, ECF No. 1.)

Presently before the Court is Defendants' motion to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(5) and (6). (ECF No. 9.)  For the following reasons, Defendants' motion to dismiss is GRANTED.

## BACKGROUND

### I.        Factual Background

The following facts are derived from the Complaint and are taken as true and construed in the light most favorable to Plaintiff for the purposes of this motion.

On or about September 20 or 21, 2015, Plaintiff was present near 332 Main Street in Poughkeepsie, New York. (Compl. ¶ 5, ECF No. 1.)  Defendant Brewster was also present at the scene. (*Id*.  ¶ 10.)  Plaintiff was "in the process of throwing Leroy Johnson[1]'s jacket into the dumpster." (*Id*. ¶ 10.)  Defendant Brewster, apparently to stop Plaintiff from disposing the jacket, said to Plaintiff: "Don't." (*Id*.  ¶ 10.)  Plaintiff avers because he was "already in motion," he was unable to stop throwing the jacket as ordered by Brewster, and the jacket fell into the dumpster. (*Id*.  ¶ 10.)  An unnamed third party, identified by Plaintiff in the complaint as "the drug dealer, Leroy Johnson's friend" said simultaneously to Plaintiff: "Don't do that[.] [Brewster]'s going to get you. You pissed him off." (*Id*.  ¶ 10.)

Brewster said to Plaintiff: "Get the jacket out of the dumpster." (*Id*.  ¶ 11.)  Brewster then reached for his Taser. (*Id*.  ¶ 11.)  Plaintiff put his hands in the air and said: "Please don't." (*Id*.  ¶ 11.)  Plaintiff alleges that, without "any provocation or threat," Brewster shot Plaintiff with the Taser and hit Plaintiff over the head with a "Billy club" three to four times, "split[ting] Plaintiff []'s head open in 2 different spots". (*Id*.  ¶ 11.)  Plaintiff further alleges that Brewster "threw [Plaintiff] to the ground, handcuffed him and through [sic] him to the ground." (*Id*. ¶ 11.)  After the alleged series of actions, Brewster got an ambulance "because Plaintiff was bleeding," put Plaintiff on a stretcher, and travelled with the ambulance to the hospital. (*Id*. ¶ 11.)  Plaintiff was handcuffed to the bed; his head was stapled. (*Id*.  ¶ 11.)   Plaintiff recalled that "[h]e lost consciousness and regained consciousness in Poughkeepsie City Jail." (*Id*.  ¶ 11.)

---

[1] Plaintiff refers to Leroy Johnson as "drug dealer" in his pleadings. (Compl. ¶ 10, ECF No. 1.)  Plaintiff does not further identify Leroy Johnson or supply any additional information regarding this person. Plaintiff also does not provide any information in the pleadings regarding why he was in possession of Leroy Johnson' jacket, or why he was throwing the jacket into the dumpster.

**II.      Procedural History**

Plaintiff's counsel, Pamela J. Gabiger (hereinafter "Ms. Gabiger"), filed the Complaint,

civil cover sheet, and a request for summons on December 13, 2020. (ECF Nos. 1-3.)  The Office

of the Clerk of Court (hereinafter "Clerk's Office") found all three documents to be deficient and

sent notice to Ms. Gabiger.   The notice from the Clerk's Office included both step-by-step

instructions on how to cure the deficiencies and links to the correct forms.  Specifically, the Clerk's

Office notified Ms. Gabiger that:

(1) The information for the parties had to be modified because the parties' roles

were entered erroneously, Brewster's title was omitted, and the parties' names were

all capitalized;

(2) The Complaint was deficient and must be refiled because Ms. Gabiger selected

the wrong parties against whom the action was brought;

(3) The civil cover sheet was deficient and must be refiled because the form used

for the civil cover sheet was not the up-to-date Southern District of New York Civil

Cover Sheet form; and

(4) The request for issuance of summons was deficient and must be refiled because

the form used for the summons was not the official summons form, and that the

wrong event type was used to file the request for issuance of summons.

Instead of adhering to the instructions by the Clerk's Office and curing the deficiencies,

Ms. Gabiger proceeded to serve the deficient summons upon the Defendants on December 14,

2020. (Def. Mot. Exhibit A, ECF No. 10.)  The served summons were identical as the deficient

one filed by Ms. Gabiger, except that Ms. Gabiger entered her own signature in the place where

Clerk of Court's signature is required. (Def. Mot. Exhibit A, ECF No. 10.)  The filed copy bore no signatures. (ECF No. 3.)

On January 14, 2021, Defendants filed a pre-motion letter seeking to move to dismiss the instant action on untimeliness. (ECF No. 5.)  The Court reviewed the docket activities and noted in a memorandum endorsement dated January 15, 2021 that Plaintiff had not sought the issuance of summons and had not filed any proof of service. (ECF No. 7.)  The Court waived the pre-motion conference and granted Defendants leave to file its motion to dismiss in accordance with the following brief schedule: (1) Defendants' moving papers shall be served, not filed, on or before February 17, 2021; (2) Plaintiff's moving papers shall be served, not filed, on or before March 19, 2021; and (3) Defendants' reply shall be served, not filed, on or before April 5, 2021.  The parties were further directed to file all their motion documents on the reply date, April 5, 2021.

In the interest of judicial economy, the Court requested in the same memorandum endorsement that the parties meet and confer prior to February 17, 2021, to see if they can resolve any of the procedural deficiencies without judicial intervention. (*Id*.)  Defendants' counsel states in his affidavit that he called Ms. Gabiger on January 21, 2021 in compliance with the Court's request. (Def. Mot. Exhibit A ¶ 5, ECF No. 10.)  Defendants' counsel further states that he discussed Defendants' objections to the summons and service of process with Ms. Gabiger, and that "[Ms. Gabiger] indicated that she would address this issue." (Def. Mot. Exhibit A ¶ 5, ECF No. 10.)

On the same day, Ms. Gabiger filed another request for issuance of summons. (ECF No. 8.)  This filing was again found to be deficient.  On January 22, 2021, the Clerk's Office notified Ms. Gabiger of the deficiencies.  Specifically, Ms. Gabiger listed the wrong party to whom the summons is being issued in the docket entry text.  Ms. Gabiger also failed to enter the party name

in the "Defendant 'To'" section of the summons PDF.  The notice instructed Ms. Gabiger to refile

the document "using the event type Request for Issuance of Summons found under the 'Service of

Process' event list," "select the correct filers," and "attach the correct summons PDF."  To date,

Ms. Gabiger has not filed another request for issuance of summons.

Defendants' counsel states in his affidavit that, on February 5, 2021, he returned Ms.

Gabiger's call. (Def. Mot. Exhibit A ¶ 7, ECF No. 10.)  According to Defendants' counsel, during

this call, "Ms. Gabiger requested that Defendants waive their procedural objections." (*Id.* ¶ 7.)

Defendants' counsel declined to do so, and states in the affidavit that "[Ms. Gabiger] 'gave no

further indication of what [sic] if anything she would do.'" (*Id.* ¶ 7.)

Defendants filed the instant motion to dismiss on February 17, 2021. (ECF No. 9.)  On

March 11, 2021, the Court received in mail an undated Affirmation in Opposition to Motion to

Dismiss (hereinafter "Affirmation") from Ms. Gabiger on behalf of Plaintiff. (ECF No. 16.)  The

Court confirmed recipient of the Affirmation via email to Ms. Gabiger on March 12, 2021 and

accepted the mailing as service of opposition.  The Court further directed Ms. Gabiger to file her

opposition electronically on April 5, 2021, the reply date specified in the Court's briefing schedule.

On April 5, 2021, Defendants' counsel sent a letter addressed to the Court stating that

"Plaintiff did not serve any opposition to the motion and thus no reply has been filed." (ECF No.

15.)  Shortly thereafter and on the same day, Ms. Gabiger electronically filed the Affirmation.

(ECF No. 16.)  Upon receiving notification of the filing, Defendants' counsel sent a second letter

addressed to the Court, also on the same day, requesting that the Court strike Plaintiff's

Affirmation, on the ground that the Affirmation was untimely and had never been "previously

served upon [Defendants' counsel's] office." (ECF No. 17.)

The Court issued a same-day memorandum endorsement denying Defendants' application to strike Plaintiff's Affirmation. (ECF No. 18.)  Recognizing Plaintiff's failure to comply with the Court's previous memorandum endorsement dated January 15, 2021, the Court extended Defendants' deadline to file their reply until April 13, 2021. (*Id.*)  The Court advised Ms. Gabiger that any further failure on her part to comply with the Court's orders may result in the type of adverse consequences requested by Defendants, such as "striking tardy submission to the Court." (ECF No. 18.)

On April 9, 2021, Defendants filed their Reply Memorandum and Affidavits. (ECF No. 19-22.)  On April 26, 2021, Defendants submitted a Supplemental Affidavit and attached exhibit. (ECF No. 23.)  The attached exhibit was a sworn affidavit by Plaintiff Joseph Robb, dated April 12, 2021, for a state court proceeding, "*People of the State of New York v. Joseph M. Robb*, Case No. CR-1417-15; CR-1418-15."[2]  Defendants avers that the exhibit was "not submitted to establish the truth of contents but only as further evidence that [Plaintiff] continues to participate in legal proceedings surrounding the events of 2015…" (*Id.*)

On June 2, 2021, Ms. Gabiger, in spite of the Court's stern warning in the memorandum endorsement dated April 5, 2021, submitted ten emails to this Court's email address, attaching approximately forty gruesome photographs of Plaintiff along with the following message: "DEAR MAGISTRATE KRAUSE: PLEASE ACCEPT THE ATTACHED PICTURES OF MR. ROBB'S INJURIES SUFFERED FROM HIS BEING BEATEN WITHOUT PROVOCATION BY DEFENDANTS WHICH I ALREADY EMAILED TO DAVID POSNER IN FURTHER OPPOSITION TO DEFENDANTS' MOTION TO DISMISS. THANK YOU. RESPECTFULLY

---

[2] The case name and number are drawn from the exhibit.  A review of the exhibit suggests that Ms. Gabiger also represents Plaintiff in the state court proceeding.  This Court is unable to ascertain the accuracy of the case name and number, which appears to be hand-typed by Ms. Gabiger.

YOURS, PAMELA GABIGER." (ECF No. 25.) The date on which Ms. Gabiger submitted these ten emails, June 2, 2021, was seventy-five days after Plaintiff's deadline to submit opposition papers. Ms. Gabiger submitted the late filings without applying for an extension of filing deadlines, without seeking leave of the Court, without properly filing them through the Electronic Case Filing (ECF) system, and without even attempting to identify any good cause for such tardiness. For these reasons, by memorandum endorsement dated June 3, 2021, the Court struck and disregarded Ms. Gabiger's email submissions. (ECF No. 25.)

Shortly after the Court issued the memorandum endorsement on June 3, 2021, Plaintiff filed a same-day letter motion requesting "A BRIEF EXTENSION TO FILE PHOTOGRAPHS OF [Plaintiff's] INJRUIES HE [sic] SUFFERED." (ECF No. 26.) Later that day, Defendants responded by letter motion in opposition to Plaintiff's request. (ECF No. 27.) The Court issued a second memorandum endorsement on that same day denying Plaintiff's application for extension.

## LEGAL STANDARD

### I. Federal Rule of Civil Procedure 12(b)(5)

In considering a Rule 12(b)(5) motion to dismiss for insufficient service of process, the Court must look to Rule 4, which governs the content, issuance, and service of a summons. *See* Fed. R. Civ. P. 4. Under Rule 4(b), "[o]n or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. If the summons is *properly completed*, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant." *Id.* (emphasis added)*; see also id.* 4(a)(1)(F) & (G) (requiring that a summons be signed by the clerk and bear the court's seal). "A summons must be served with a copy of the complaint. The plaintiff is

responsible for having the summons and complaint served within the time allowed by Rule 4(m) [120 days] and must furnish the necessary copies to the person who makes service." *Id.* 4(c)(1).

When a defendant challenges service of process, "the burden of proof is on the plaintiff to show the adequacy of service." *Howard v. Klynveld Peat Marwick Goerdeler,* 977 F. Supp. 654, 658 (S.D.N.Y. 1997), *aff'd* 173 F.3d 844 (2d Cir. 1999); *see also Crossen v. Bernstein,* No. 91 Civ. 3501, 1994 WL 281881, at *2–3 (S.D.N.Y. June 23, 1994) (Leisure, J.)  Technical errors in a summons generally do not render service invalid. *See Durant v. Traditional Invs., Ltd.,* No. 88 Civ. 9048, 1990 WL 33611, at *4 (S.D.N.Y. Mar. 22, 1990) ("When the error in the summons goes to form rather than substance, amendment ... should be freely granted ... as courts should not deny a plaintiff her day in court due to technical imperfections in service."); *Macaluso v. N.Y.S. Dep't of Envtl. Conservation,* 115 F.R.D. 16, 17 (E.D.N.Y. 1986) (stating that "amendments to process are freely given because courts do not wish to deny plaintiffs their day in court for failure to observe mere technicalities").

However, where the error results in prejudice to the defendant or demonstrates a flagrant disregard of Rule 4, Courts have considered service to be invalid and declined to permit amendment. *See Osrecovery, Inc. v. One Group Int'l, Inc.,* 234 F.R.D. 59, 60 (S.D.N.Y. 2005) (Kaplan, J.) ("Although minor or technical defects in a summons in certain circumstances do not render service invalid, defects that are prejudicial to the defendant or show a flagrant disregard for [Rule 4] do."); 4A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1088, at 462 (3d ed. 2002) ("Only when the error actually results in prejudice to the defendant or demonstrates a flagrant disregard of the requirements of Rule 4(a) ... is the district court likely to rule that a failure to comply precisely with Rule 4(a) cannot be cured by amendment.")

**II.      Federal Rule of Civil Procedure 12(b)(6)**

In deciding a motion to dismiss under Rule 12(b)(6), the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Freidus v. Barclays Bank PLC,* 734 F.3d 132, 137 (2d Cir. 2013). To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Mere "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action will not do"; rather, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555.  In applying these principles, the Court may consider facts alleged in the complaint and documents attached to it or incorporated by reference. *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152–53 (2d Cir. 2002) (internal quotation marks and citation omitted).

**DISCUSSION**

Defendants seek to dismiss the instant action on the grounds that: (1) the action has never been properly served or commenced; (2) the complaint is barred by the statute of limitations; and (3) the complaints failed to state a *Monell* claim against Defendants City of Poughkeepsie Police Department and City of Poughkeepsie.  The Court addresses each claim below.

**I.   Service of Process**

Defendants first argue that the instant action has never been properly served or commenced, because the Clerk of Court rejected Plaintiff's deficient filings and Plaintiff failed to cure such deficiencies.  Plaintiff argues in opposition that "one cannot get a summons signed by the clerk if the clerk refuses to give it," and that "plaintiff can have defendants served with state

court summons and complaint and have it removed to federal court." (Affirmation ¶¶ 6-8, ECF No. 16.)

A review of the docket reveals that, as Defendants aver, this action was indeed never properly served or commenced.  Plaintiff submitted three documents—the complaint, civil cover sheet, and a request for summons—to commence this action. All three contained major deficiencies, [3] which the Clerk's Office promptly notified Plaintiff counsel and provided instructions for refiling. (ECF No. 1-3.)  Plaintiff failed to do so.  Thirty-nine days later, Plaintiff made a second attempt to file a summons and was again unsuccessful.

Plaintiff's conclusory opposition that "plaintiff can have defendants served with state court summons and complaint and have it removed to federal court" is puzzling and without merit, since Plaintiff's pleadings were devoid of any factual support or legal ground upon which the Court is able to assess this claim.  First, Plaintiff never included any allegations or submission in the entire pleadings to inform this Court of the existence of a state court proceeding.  The Court was only made aware of one such proceeding from *Defendants'* submissions.  Second, even if this Court takes judicial notice of a related state court proceeding, *see Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991), ("[C]ourts routinely take judicial notice of documents filed in other courts, not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings…"), there is no indication anywhere in Plaintiff's pleadings regarding the removability of such a case, or Plaintiff's intention to institute the removal procedure.

The deficiencies in service in the instant case are too significant to be considered mere technical defects.  Plaintiff's repeated failures to comply with the Clerk's Office and the Court's

---

[3] In accordance with Rule 4(b), the Clerk's Office declined to sign, seal, and issue the summons. *See* Fed. R. Civ. P. 4(b) ("If the summons is *properly completed*, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant.") (Emphasis added).

clear directions demonstrate a complete and flagrant disregard of Rule 4's requirement. Plaintiff counsel's capitalized assertions denote her concession that she never obtained a signed and sealed summons from the Clerk's Office. Instead, Plaintiff counsel served upon Defendants the defective summons which bore her own signature in place of that of the Clerk. (Def. Mot. Exhibit A, ECF No. 10.) Neither was the (defective) summons served with the Complaint. *Crossen v. Bernstein*, No. 91 CIV. 3501 (PKL), 1994 WL 281881 (S.D.N.Y. June 23, 1994) ("[W]hile a summons that contains minor technical defects may be amended *nunc pro tunc* ..., service of an unsigned and unsealed summons is generally thought to demonstrate a flagrant disregard for the rules and, thus, to provide a basis for denying leave to amend."); *Gianna Enters. v. Miss World (Jersey) Ltd.,* 551 F. Supp. 1348, 1358 (S.D.N.Y. 1982) (holding that serving an unsigned and unsealed summons is a "serious infraction" that "may demonstrate a flagrant disregard for the rules and fails to assure the person served that the summons was in fact issued by the clerk of a court and not by the plaintiff or his attorney.") There is no question as to Plaintiff counsel's awareness that the summons "served" by her was deficient: she received notice from the Clerk's Office and this Court, in addition to the two calls she had with Defendants' counsel. Plaintiff was also given ample notice, time, and opportunity to amend the defective service, and yet Plaintiff repeatedly failed to do so. Because Plaintiff's failure to serve a summons constitute a flagrant disregard, the Court concludes that the service of process in the instant action was ineffective.

Ineffective service alone justifies dismissal. In light of the Second Circuit's strong policy preference to resolve matters on the merits and not on procedural defects, *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 172 (2d Cir. 2001); *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993), the Court addresses Defendants' two other claims below.

11

II.     **Statute of Limitations**

Defendants next asserts that, because the incident giving rise to the instant action took place on or about September 20 or 21, 2015 and the Second Circuit applies a three-year limitations period to § 1983 actions such as this one, the statutes of limitations have run on all of Plaintiff's claims.

Plaintiff counters in the Opposition Affirmation that Plaintiff was "under legal disability with lack of legal capacity to act" because Plaintiff has been confined to "Mid Hudson Forensic Psychiatric Center" since "approximately 2016." (Affirmation ¶¶ 9-10, ECF No. 16.)   Plaintiff did not include any facts regarding his alleged insanity in the Complaint.

Statute of limitations is an affirmative defense, *see* Fed. R. Civ. P. 8(c)(1), and a motion to dismiss on the ground of statute of limitations "is properly treated as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted rather than a Rule 12(b)(1) motion to dismiss for lack of jurisdiction over the subject matter." *Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir. 1989).   A defendant may raise the affirmative defense that a claim is barred by the statute of limitations in a motion to dismiss "if that defense is apparent from the face of the complaint." *Royal v. Ret. Bd. of the Bert Bell/Pete Rozelle NFL Ret. Plan*, No. 20-4184, 2021 WL 4484925, at *1 (2d Cir. Oct. 1, 2021) (citing *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 74 (2d Cir. 1998)).   Moreover, where a plaintiff's "claims are time-barred on the face of its own complaint, [plaintiff] has the burden of pleading facts sufficient to establish that the statutes of limitations should be tolled". *Voiceone Commc'ns, LLC v. Google Inc.*, No. 12 CIV. 9433(PGG), 2014 WL 10936546, at *7 (S.D.N.Y. Mar. 31, 2014) (citation omitted).

Here, the alleged incident giving rise to this action took place on or about September 20 or 21, 2015.   It is well settled in the Second Circuit that the three-year statute of limitations for personal injury claims found in C.P.L.R. § 214(5) applies to § 1983 actions such as the instant one.

12

*Curto v. Edmundson*, 392 F.3d 502 (2d Cir. 2004); *Okure v. Owens*, 816 F.2d 45, 48–9 (2d Cir.1987), *aff'd* 488 U.S. 235 (1989); *McKenna on Behalf of U.S. v. Senior Life Mgmt., Inc.*, 429 F. Supp. 2d 695, 699 (S.D.N.Y. 2006).  It is apparent that the Complaint has been time-barred since September 2018, twenty-seven months before Plaintiff's defective attempt to commence this action.  Moreover, the Complaint contains no factual allegations regarding Plaintiff's mental incapacity and thus fails to establish that the statute of limitations should be tolled.

Accordingly, this action is time-barred.  Since ". . . the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991) (citation omitted), the Court dismisses this action without prejudice and Plaintiff is granted leave to amend. Plaintiff is advised that any re-filing of Plaintiff's claims would be futile—since the claims too would be time-barred—absent some showing of entitlement to the equitable tolling of the statute of limitations.

**III.    Claims against City of Poughkeepsie and Its Police Department**

Defendants seek to dismiss Plaintiff's claims against City of Poughkeepsie, for failure to state a claim under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), and against City of Poughkeepsie Police Department, contending that the Police Department is an administrative arm of City of Poughkeepsie and not a separately suable entity.

Under Rule 17(b), an entity is suable in federal court only if it would be suable under the laws of the state where it was created. *See Rowland v. Cal. Men's Colony. Unit II Men's Advisory Council*, 506 U.S. 194, 214 (1993).  It is well settled in New York that agencies—such as the police department—of a municipality are not suable entities. *See Omnipoint Communs., Inc. v. Town of Lagrange*, 658 F. Supp. 2d 539, 552 (S.D.N.Y. 2009); *Hall v. City of White Plains*, 185

F. Supp. 2d 293, 303 (S.D.N.Y. 2002) ("Under New York law, departments which are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and cannot sue or be sued."); *see also* N.Y. Gen. Mun. Law § 2 ("The term 'municipal corporation,' as used in this chapter, includes only a county, town, city, and village.") Accordingly, all Plaintiff's claims against the City of Poughkeepsie Police Department are dismissed with prejudice.

With respect to City of Poughkeepsie (hereinafter "the City"), Plaintiff alleges that (1) the City was negligent in hiring and screening Brewster; (2) "it was the regular municipal policy, custom and practice of [the city] to beat people"; (3) the City, through its "deliberate conduct," was the "moving force behind [Plaintiff's injuries]"; (4) there was a "direct causal link between municipal action . . . and the deprivation of plaintiff's federal rights." (ECF No. 1.)

The Court has construed the Complaint in the light most favorable to Plaintiff but is unable to locate any facts enabling a right to relief against the City. *Monell* expressly prohibits *respondeat superior* liability for municipalities. *Monell*, 436 U.S. at 691. Thus, to adequately plead a *Monell* claim against a municipality, a plaintiff must demonstrate with factual allegations, and not formulaic recitation of the legal elements, that the municipality was the "moving force" behind the injury alleged." *Bd. of Cty. Comm'rs of Bryan Cty., Okla. v. Brown*, 520 U.S. 397, 404 (1997); *Roe v. City of Waterbury*, 542 F.3d 31, 40 (2d Cir. 2008). Here, Plaintiff pled no factual content to support his claims against City of Poughkeepsie beyond mere labels and conclusions. Given the lack of factual allegations, the Court cannot draw any reasonable inferences nor find that Plaintiff has plead a plausible claim upon which the City may be liable for the misconducts alleged. Accordingly, Plaintiff's claims against City of Poughkeepsie are dismissed without prejudice.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss (ECF No.

9) and DISMISSES Plaintiff's Complaint.  Specifically, the Court DISMISSES Plaintiff's claims

against City of Poughkeepsie Police Department with prejudice, and all other remaining claims

against Defendants Brewster and City of Poughkeepsie without prejudice.  Plaintiff is granted

leave to file an Amended Complaint as to those claims that were dismissed without prejudice.  If

Plaintiff chooses to do so, he will have until May 18, 2022, to file an Amended Complaint and to

serve the remaining Defendants with strict adherence to the Federal Rule of Civil Procedure.

Defendants are then directed to answer or otherwise respond by June 3, 2022.  If Plaintiff fails to

file an Amended Complaint, or to properly serve the Defendants within the time allowed, and

Plaintiff cannot show good cause to excuse such failure, any claims dismissed without prejudice

by this opinion and order will be deemed dismissed with prejudice. The Clerk of Court is

respectfully directed to terminate the motion at ECF Nos. 9 and 24.


Dated:    April 18, 2022                                      SO ORDERED:
          White Plains, New York


                                             _____
                                                      NELSON S. ROMÁN
                                                 United States District Judge

15